J-S41034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONTE JONES, | |
| Appellant | No. 2003 EDA 2015 |

Appeal from the PCRA Order June 26, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009724-2007-CP-51-CR-0009725-2007

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 10, 2016**

Appellant appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County dismissing his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  For the reasons that follow, we quash this appeal.

After drawing a gun and threatening to shoot two uniformed police officers, Appellant was arrested and, represented by counsel, he proceeded to a jury trial, at the conclusion of which he was convicted of, *inter alia*, aggravated assault.[1]  He was sentenced to an aggregate of eight years and seven months to nineteen years in prison, to be followed by twenty years of probation.  Appellant filed a counseled, direct appeal, and this Court affirmed

_____

[1] 18 Pa.C.S.A. § 2702.

*Former Justice specially assigned to the Superior Court.

his judgment of sentence. *See Commonwealth v. Jones*, 3235 EDA 2008 (Pa.Super. filed 4/6/10) (unpublished memorandum). On April 26, 2011, our Supreme Court denied Appellant's petition for allowance of appeal.

On December 30, 2011, Appellant filed a timely *pro se* PCRA petition, and counsel was appointed to represent him. Thereafter, counsel filed a motion to withdraw his representation, as well as a *Turner/Finley*[2] no-merit letter. On June 9, 2015, the PCRA court provided Appellant with notice of its intent to dismiss the petition without a hearing, and by orders entered on June 26, 2015, the PCRA court dismissed Appellant's PCRA petition and granted counsel's request to withdraw. This timely *pro se* appeal followed.

The Commonwealth requests that we quash the instant appeal due to Appellant's substantial briefing deficiencies, which impede meaningful review. We agree, and for the following reasons, we quash this appeal.

In the "Statement of Questions Involved" section of his brief, Appellant lists 20 issues. *See* Appellant's Brief at 2-3. However, his one and a half page "Argument" section consists of nothing more than 20 conclusory sentences in support of his issues. *Id.* at 6-7. As is evident, the Argument portion of his brief is not adequately developed and is, in fact, confusing. Moreover, Appellant has failed to cite to relevant authority supporting his

---

[2] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

bald assertions.  *See* Pa.R.A.P. 2119; *Commonwealth v. Maris*, 629 A.2d 1014 (Pa.Super. 1993) (quashing appeal where substantial defects prevent this Court from conducting meaningful appellate review).  Simply put, as Appellant has done nothing more than list issues and conclusory statements, our appellate review is severely hampered.  *See id.*  "This Court possesses discretionary authority to quash, dismiss or deny allowance of appeal based upon the substantial defects of [the] appellant's brief."  *Id.* at 1017 (quotation and quotation marks omitted).  In this case, due to the nature of Appellant's undeveloped brief, we find it necessary to quash this appeal.

While we are not insensitive to the fact Appellant is proceeding *pro se*, we decline to become his counsel.  "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Commonwealth v. Miller*, 721 A.2d 1121, 1124 (Pa.Super. 1998) (citations omitted).  Further, although this Court is "willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant."  *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa.Super. 2005).

Appeal Quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/10/2016