**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Sabrina MILLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 31, 1998.
Filed Dec. 8, 1998.

---

Joseph K. Cottrell, Williamsport, for appellant.

Daniel E. Holmes, Asst. Dist. Atty., Williamsport, for Com., appellee.

Before KELLY, STEVENS and HESTER, JJ.

STEVENS, J.:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Lycoming County following Appellant's conviction of hindering apprehension.

Appellant was arrested as the result of her interference with a January 17, 1997 attempt by the Williamsport Police to apprehend her husband, and was brought to trial on September 11, 1997. During *voir dire,* counsel for the Commonwealth exercised a peremptory challenge to the only black member of the jury panel. Counsel for Appellant objected, but the objection was overruled by the lower court, and at the conclusion of the jury trial Appellant was found guilty. On September 15, 1997, she filed a Motion in Arrest of Judgment and/or Motion for New Trial, which was denied by the lower court on September 23, 1997. Appellant was sentenced on October 28, 1997, and subsequently filed this timely appeal, raising the following issues for our review:

I. WHETHER THE HONORABLE TRIAL COURT ERRED BY PERMITTING THE COMMONWEALTH TO USE ITS PEREMPTORY CHALLENGE TO STRIKE THE ONLY BLACK JUROR OVER DEFENSE COUNSEL'S OBJECTION?

II. WHETHER THE HONORABLE TRIAL COURT ERRED BY NOT STRIKING THE TESTIMONY OF TWO (2) WITNESSES REGARDING THE CONTENT OF PHONE CONVERSATIONS WHERE THE CALLER'S IDENTITY WAS NOT PROPERLY OR SUFFICIENTLY AUTHENTICATED?

III. THE HONORABLE TRIAL COURT ERRED IN INSTRUCTING THE JURY ON "FLIGHT AS CONSCIOUSNESS OF GUILT" WHERE THERE WAS NO EVIDENCE THAT THE POLICE WERE ACTIVELY SEARCHING FOR AND/OR PURSUING THE DEFENDANT AS A SUSPECT.

Appellant's brief at 3.

■ Appellant initially argues that it was error under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), for the lower court to allow the exclusion of the only black member of the jury panel. In order to succeed in a *Batson* claim, Appellant must establish a *prima facie* case that the prosecutor used the peremptory challenge to exclude the potential juror on the basis of race, and, if Appellant succeeds in establishing a *prima facie* case of purposeful discrimination, the prosecution is then required to provide a

non-discriminatory reason for striking the potential juror. *Commonwealth v. Abu-Jamal,* — Pa. —, —, 720 A.2d 79, 113 (1998). *Hernandez v. New York,* 500 U.S. 352, 358–359, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (plurality opinion) (holding that under *Batson,* once the opponent of a peremptory challenge has made out a *prima facie* case of racial discrimination (step one), the burden of proof shifts to the one making the challenge to come forward with a race neutral explanation (step two). If a race-neutral explanation is given, the trial court must then decide whether the opponent of the challenge has proved purposeful racial discrimination (step three)).

In the case *sub judice,* counsel for Appellant objected to the Commonwealth's use of the peremptory challenge during *voir dire,* and requested that counsel for the Commonwealth provide a reason for the strike. Without any instruction or comment from the trial judge, counsel for the Commonwealth immediately provided two reasons: (1) the panel member appeared inattentive and disinterested while counsel was addressing the panel; and (2) there was no indication as to the panel member's employment on his personal information form. The trial judge found such reasons to be race-neutral, and overruled Appellant's objection.

Because counsel for the Commonwealth gave reasons for the challenge immediately after Appellant raised the issue, it is unnecessary for us to determine if Appellant established a *prima facie* case (step one), and we may move on to the issues of whether the Commonwealth provided a race neutral explanation (step two), and, if such an explanation was given, whether Appellant then proved purposeful racial discrimination (step three). *Hernandez,* 500 U.S. at 352, 359, 111 S.Ct. 1859 ("The prosecutor defended his use of peremptory strikes without any prompting or inquiry from the trial court. As a result, the trial court had no occasion to rule that petitioner had or had not made a *prima facie* showing of intentional discrimination. This departure from the normal course of proceeding need not concern us .... Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the

trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a *prima facie* showing becomes moot.").

When determining if the Commonwealth gave a race-neutral explanation for the challenge, we note that this "second step" of the inquiry does not demand an explanation that is "persuasive, or even plausible." *Purkett v. Elem,* 514 U.S. 765, 767, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (*per curiam* opinion). "[T]he issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *Hernandez,* 500 U.S. at 360, 111 S.Ct. 1859. "[T]he ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike." *Purkett,* 514 U.S. at 768, 115 S.Ct. 1769 (citation omitted).

Various reasons for a challenge have been upheld as race-neutral. *See Purkett,* 514 U.S at 769, 115 S.Ct. 1769 (citations omitted) ("The prosecutor's proffered explanation in this case—that he struck juror number 22 because he had long, unkempt hair, a mustache, and a beard—is race neutral and satisfies the prosecution's step two burden of articulating a nondiscriminatory reason for the strike. The wearing of beards is not a characteristic that is peculiar to any race. And neither is the growing of long, unkempt hair. Thus, the inquiry properly proceeded to step three, where the state court found that the prosecutor was not motivated by discriminatory intent."); *Commonwealth v. Bond,* 539 Pa. 299, 309–311, 652 A.2d 308, 313 (1995) (where the prosecutor stated that the juror's demeanor clearly indicated that she did not want to be on the jury and that she did not relate well to the prosecutor); *Alexander v. Carlisle Corp.,* 449 Pa.Super. 416, 674 A.2d 268, 270 (Pa.Super.1996) ("One juror was stricken for lack of respect for the jury selection process, who wore sunglasses throughout the entire selection process.").

In the case *sub judice,* we conclude that the Commonwealth provided a race-neutral reason for using a peremptory challenge to strike the potential juror; i.e. the juror was inattentive when counsel for the Com-

monwealth was addressing the jury panel.[1] As such, we move to step three of the determination process, and address whether Appellant proved purposeful racial discrimination.

> The trial judge has before him or her the entire venire and is well situated to detect whether a challenge to the seating of one juror is part of a pattern of singling out members of a single race for peremptory challenges. Thus, deference to the trial court's finding on the issue of discriminatory intent makes particular sense because the finding largely will turn on an evaluation of credibility.

*Commonwealth v. Rico*, 551 Pa. 526, 532, 711 A.2d 990, 997, (1998) (citations omitted). *Batson*, 476 U.S. at 98 n. 21, 106 S.Ct. 1712 ("Since the trial judge's findings in the context under consideration here largely will turn on evaluation of credibility, a reviewing court ordinarily should give those findings great deference."). We conclude that in the instant case the trial court was clearly in the best position to make the initial determination of whether discrimination occurred with regard to this peremptory strike, and our examination of the record has revealed that the trial court did not commit an abuse of discretion in determining that no purposeful racial discrimination occurred. As such, we find Appellant's claim to be without merit.

■ Appellant next alleges that the trial court erred by not striking the testimony of two (2) witnesses regarding the content of telephone conversations where the caller's identity was not authenticated. This argument is waived. A mere thirteen lines of text constitute Appellant's argument on this issue. They set forth a general legal argument, but utterly fail to reference the facts of the particular case before us, or cite to the record itself in any meaningful way. We are deprived of any information regarding the testimony which Appellant argues should have been stricken, because the copy of Appellant's brief provided to this Court is missing the first page of the Statement of the Case, leaving only the final six lines of that section of the brief. The lack of factual background and citation to the record, coupled with the anemic state of the argument portion of Appellant's brief, represent serious deviations from the briefing requirements of the Rules of Appellate Procedure.[2]

■ Failure to brief an issue in this manner is to waive it, as such an omission impedes our ability to address the issue on appeal. *Commonwealth v. Taylor*, 306 Pa.Super. 1, 451 A.2d 1360, 1361 (Pa.Super.1982) (holding that the defects in an appellant's brief represented more than mere matters of form, but were instead the complete absence of those material sections of the brief which facilitate appellate review). "We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Commonwealth v. Drew*, 353 Pa.Super. 632, 510 A.2d 1244, 1245 (Pa.Super.1986) (citing *Commonwealth v. Sanford*, 299 Pa.Super. 64, 445 A.2d 149, 150 (Pa.Super.1982)).

■ Turning to Appellant's final argument, we find it to be without merit. Appellant asserts that it was error for the lower court to issue a "consciousness of guilt" jury

---

1. With regard to the Commonwealth's belief during *voir dire* that the juror failed to identify his employment status, Appellant disputes this circumstance, and alleges that Appellant had, in fact, provided his employer's name. We are unable to discern the Commonwealth's response to this argument, because it has not favored this Court with the assistance of an appellate brief. However, in light of our conclusion that the juror's inattentiveness provided a sufficient, race-neutral reason for the strike, we need not resolve this issue.

2. Pursuant to Pa.R.A.P. 2101, appellate briefs shall conform in all material respects with the specific requirements of the Rules, and failure to do so may result in the brief being quashed or dismissed. Rule 2111 specifically requires a Statement of the Case which contains, *inter alia*, a closely condensed chronological statement of all the facts which are necessary to be known in order to determine the points in controversy, with appropriate citations to the record. Rule 2119, pertaining to the Argument section of an appellate brief, also requires citation to the record, and, where the refusal to find a fact is argued, a synopsis of all the evidence on the point.

instruction because Appellant did not know that she had been, or may be, charged with a crime. "Generally, the trial court can use a flight/concealment jury charge when a person commits a crime, knows that he is a suspect, and conceals himself, because such conduct is evidence of consciousness of guilt, which may form the basis, along with other proof, from which guilt may be inferred." *Commonwealth v. Bruce,* 717 A.2d 1033, 1037–1038 (Pa.Super.1998). Here, Appellant testified that the police told her she was going to be charged if she did not tell them where her husband was located. N.T. 9/11/97 at 86. Subsequently, Appellant fled the area with her husband. N.T. 9/11/97 at 63, Trial court opinion filed 4/6/98 at 3. Based on this evidence of record, it was not error for the lower court to issue the consciousness of guilt jury instruction.

Judgment of sentence Affirmed.