J-A28019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLINTON D. OXFORD | |
| Appellant | No. 71 EDA 2015 |

Appeal from the Judgment of Sentence September 11, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001602-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

MEMORANDUM BY PER CURIAM:                    **FILED JANUARY 15, 2016**

Appellant, Clinton D. Oxford, appeals from the judgment of sentence entered September 11, 2014, in the Court of Common Pleas of Northampton County. We affirm.

Oxford sent his probation officer numerous bizarre and threatening e-mails. He also went to what he thought was her residence, but was actually her former residence, where her son still resided, and stared into the home. After a two-day jury trial, the jurors convicted Oxford of one count of stalking, two counts of terroristic threats, and one count of harassment. The trial court later sentenced Oxford to a term of incarceration. After the denial of post-sentence motions, this timely appeal followed.

Preliminarily, we must remark about the quality of the brief Oxford has submitted in support of his appeal. There are 390 pages of trial transcript in

this case. Oxford's statement of the case consists of *nine* sentences. There is not even *one* citation to the notes of testimony in the *entire* brief. We strongly recommend Oxford's counsel review Rules 2117(a)(1-2, 4) and 2119(b) and (c) of the Pennsylvania Rules of Appellate Procedure. The failure to conform to the Rules of Appellate Procedure results in the waiver of Oxford's first two issues on appeal, as he has failed to present developed legal arguments.

In the first issue, Oxford argues that the Commonwealth presented insufficient evidence to sustain the convictions of stalking and terroristic threats. Apart from setting forth boilerplate law regarding sufficiency of the evidence claims and reproducing the statutory language for terroristic threats and stalking, the brief provides no further developed legal argument to support the claim that the convictions are based on insufficient evidence. Oxford presents a patently undeveloped claim, which we find waived. ***See***, ***e.g.***, ***Commonwealth v. Miller***, 721 A.2d 1121, 1124 (Pa. Super. 1998) (finding claim waived where there was a "lack of factual background and citation to the record, coupled with the anemic state of the argument portion of Appellant's brief[]").

For instance, Oxford simply asserts that the "uncontested facts" prove he did not act "intentionally and deliberately." Appellant's Brief, at 13 (unnumbered). But he fails to provide *any* discussion of the facts. Oddly, he also claims that the evidence was insufficient because the trial court denied

his request for a psychiatric evaluation. ***See id***. This claim is not even a sufficiency of the evidence claim.

In any event, even if we did not find the claim waived we would not hesitate to conclude that the Commonwealth presented sufficient evidence to sustain the convictions for stalking and terroristic threats. At trial, the Commonwealth presented evidence of many e-mails where Oxford threatened his probation officer and other extremely bizarre e-mails he sent her. ***See***, ***e.g.***, N.T., Trial, 9/10/14, at 39, 60, 70-73, 83, 131, 133-134. The victim testified that she feared for her safety as well as her six-year-old son's safety. ***See id***., at 139, 158, 161.

In his second issue, Oxford states "[t]he jury's verdict of guilty for terroristic threat [sic] and stalking was against the weight of the evidence." ***Id***. That is the sum and substance of the issue. He provides *nothing* further in support of the contention that the convictions were against the weight of the evidence. We find this woefully undeveloped claim waived. ***See Commonwealth v. Clayton***, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal."). In addition, Oxford failed to raise this claim in the trial court, thus providing another basis for finding the claim waived. ***See*** Pa.R.Crim.P. 607(A)(1-3) and *Comment*.

Even if we were to address this claim on the merits, we would find that it provides Oxford no relief. After finding the claim waived, the trial court

noted that it would have found the verdict was not against the weight of the evidence.

We will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. *See Commonwealth v. Passmore*, 857 A.2d 697, 708 (Pa. Super. 2004). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." *Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted), *aff'd*, 938 A.2d 198 (Pa. 2007). The verdict in this case does not shock one's sense of justice.

The final issue presents yet another waived claim. Oxford maintains that the trial judge erred in failing to recuse herself from the case where she previously represented the victim. The trial judge disclosed her prior representation during Oxford's guilty plea hearing, which was subsequently withdrawn, on July 22, 2014. *See* N.T., Guilty Plea Hearing, 7/22/14, at 7-8. At that time, Oxford stated, through counsel, that he felt "comfortable" proceeding. *Id.*, at 8. Oxford did not object to the trial court's hearing of the case until September 9, 2014, just prior to jury selection. *See* N.T., Pre-Trial, 9/9/14, at 5.

"A party seeking recusal or disqualification [is required] to raise the objection at the *earliest possible moment*, or that party will suffer the consequence of being time barred." ***In re Lokuta***, 11 A.3d 427, 437 (Pa. 2011) (emphasis added) (quoting ***Goodheart v. Casey***, 565 A.2d 757, 763 (Pa. 1989)). Once a party has waived the issue, "he cannot be heard to complain following an unfavorable result." ***Commonwealth v. Stanton***, 440 A.2d 585, 588 n.6 (Pa. Super. 1982) (citations omitted).

The earliest possible moment in this case was the trial judge's initial disclosure on July 22, 2014. Instead of objecting then, Oxford waited 49 days later, just prior to jury selection, to object. Accordingly, we find the claim waived.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/15/2016</u>