J-A07035-16

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RESHAWN L. CROSS-HILL | |
| Appellant | No. 647 WDA 2015 |

Appeal from the Order Entered April 14, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0000297-2015

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

JUDGMENT ORDER BY JENKINS, J.:          **FILED FEBRUARY 23, 2016**

Appellant Reshawn Cross-Hill appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas following her summary convictions for violations of the City of Pittsburgh Local Ordinance § 6.601-16(b)(2), Public Urination and Defecation - Private Business.[1]  We quash this appeal.

_____

[1] The City of Pittsburgh, Pennsylvania Code of Ordinances provides:

> (1) Any person who urinates or defecates in, on, or about any of the following places, other than in an appropriate sanitary facility, commits a violation:
>
> a) Any public place
>
> b) Any private property into or upon which the public is admitted by easement or license; or

*(Footnote Continued Next Page)*

On February 2, 2015, a magisterial district judge found Appellant guilty of the above offenses and ordered Appellant to pay a $300.00 fine plus costs. Appellant appealed her conviction to the Court of Common Pleas, conducted a trial *de novo* on April 14, 2015. Appellant appeared *pro se* at the trial.

City of Pittsburgh Police Officer Scott Seserko testified that he responded to a 911 call from a downtown business where appellant had urinated in the lobby and refused to clean up after herself. N.T., 4/14/2015, at 3-4. Officer Seserko encountered Appellant, who was intoxicated. *Id.* Appellant refused to clean up, denied any wrongdoing, and claimed that someone had stolen her identification. *Id.* at 4. Appellant offered no evidence, but argued she was on medication, was in school, and could not afford to pay the fine. *Id.* at 4-5. The trial court found Appellant guilty, but reduced the fines to $50.00 plus costs per count, for a total fine of $100.00 plus costs.

Appellant filed a timely notice of appeal.

Pursuant to the Pennsylvania Rules of Appellate Procedure:

*(Footnote Continued)* ────────────────

> c) Any private property without the consent of the owner.
>
> (2) It is a separate violation for any person who has urinated or defecated in, on, or about any public place, other than in an appropriate sanitary facility, to fail to clean or remove the material deposited immediately, or to fail to dispose immediately of the material used in the cleaning or removal process in a container designed for such disposal.

Pittsburgh, Pa., Code, § 6.601-16(b)(2).

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Miller***, 721 A.2d 1121, 1124 (Pa.Super.1998) (citations omitted). Further, although this Court is "willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Wilkins v. Marsico***, 903 A.2d 1281, 1284 (Pa.Super.2006), *appeal denied*, 918 A.2d 747 (Pa.2007) (citations omitted).

Appellant's brief consists of one paragraph, which states Appellant is enrolled in "a program with family links," is seeing a therapist, is attending community college, has not been in trouble, and plans to continue her education. Appellant requests a hearing during which she can request that the trial judge drop the charges.

Appellant's brief does not contain a statement of jurisdiction, statement of the order or other determination in question, a statement of questions involved, a statement of the case, a summary of argument, or a conclusion. Pa.R.A.P. 2114, 2115, 2116, 2117, 2118, 2111(a)(9). Further, we are unable to discern any cognizable issue from the one-paragraph brief, and Appellant has failed to develop any argument in support of her appeal. Therefore, we quash this

appeal for substantial failure to comply with the Rules of Appellate Procedure. *See* Pa.R.A.P. 2101.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2016