J-S34032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| K.M.R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| J.A. | |
| Appellant | No. 1726 MDA 2015 |

Appeal from the Order Entered September 3, 2015
in the Court of Common Pleas of York County
Domestic Relations at No(s): 1023-SA-2015

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

JUDGMENT ORDER BY JENKINS, J.:                    **FILED MAY 16, 2016**

Appellant J.A. appeals from the support order entered September 3, 2015 in the York County Court of Common Pleas, Domestic Relations Section.  We dismiss this appeal.

On July 7, 2015, the Domestic Relations Section of the York County Court of Common Pleas conducted a child support hearing based on Appellee K.M.R.'s petition.  The court issued an order establishing Appellant's child support obligation at zero dollars ($0) based on his inability to pay, his lack of income or assets, and the lack of any reasonable prospect that Appellant would become able to pay child support in the foreseeable future.

On July 27, 2015, despite having been ordered to pay no support, Appellant filed a request for a *de novo* hearing.[1]  The court conducted the hearing *de novo* on September 3, 2015.  Also on September 3, 2015, the court issued an order again setting Appellant's monetary child support obligation at zero dollars ($0).  The court further directed that Appellant comply with the policies and procedures of the Domestic Relations Section of the York County Court of Common Pleas and that he apply for Social Security benefits.

Appellant filed a timely notice of appeal on October 5, 2015.[2]  On November 2, 2015, the trial court filed an order directing Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal within twenty-one (21) days.  Appellant did not file a Pa.R.A.P. 1925(b) statement. The trial court filed its Pa.R.A.P. 1925(a) opinion on December 1, 2015.[3]

_____

[1] Appellant's request stated:  "1.  July 4th, 2001 'Agravated Assault'.  Phila. Police No Statute Limitations.  2.  July 21st 2015, went to 'Runkle's'.  Photo machine [indiscernible] Mondays.  3  Other".  Appellant's Demand for Hearing De Novo, July 27, 2015 (verbatim).

[2] The 30th day after September 3, 2015 was October 3, 2015, a Saturday. As a result, Appellant had until the next business day, or until Monday, October 5, 2015, to timely file a notice of appeal.  *See* 1 Pa.C.S. § 1908.

[3] The trial court's Pa.R.A.P. 1925(a) opinion initially concludes that Appellant waived all his issues for review by failing to file a Pa.R.A.P. 1925(b) statement as ordered.  *See* 1925(a) Opinion, p. 1.  Ordinarily, "an appellant's failure to comply with an order to file a Rule 1925(b) statement in a timely manner constitutes waiver of all objections to the order, ruling, or other matter complained of on appeal."  *J.P. v. S.P.*, 991 A.2d 904, 908 (Pa.Super.2010).  However, for the reasons discussed *infra*, Appellant failed
*(Footnote Continued Next Page)*

Pursuant to the Pennsylvania Rules of Appellate Procedure:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." **Commonwealth v. Miller**, 721 A.2d 1121, 1124 (Pa.Super.1998) (citations omitted). Further, although this Court is "willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Wilkins v. Marsico**, 903 A.2d 1281, 1284 (Pa.Super.2006), *appeal denied*, 918 A.2d 747 (Pa.2007) (citations omitted).

Appellant has filed a woefully inadequate brief that does not merit review. Appellant's brief does not contain a statement of jurisdiction, statement of the order or other determination in question, a statement of questions involved, a statement of the case, a summary of argument, or a conclusion. Pa.R.A.P. 2114, 2115, 2116, 2117, 2118, 2111(a)(9). Further, we are unable to discern any cognizable issue from the seven-page handwritten brief, and Appellant has failed to develop any argument in

*(Footnote Continued)* ——————————

so significantly in other ways to comply with the Rules of Appellate Procedure, that we choose to quash this appeal on other procedural grounds.

- 3 -

support of his appeal. Therefore, we dismiss this appeal for substantial failure to comply with the Rules of Appellate Procedure. *See* Pa.R.A.P. 2101.

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/16/2016