J-S49042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELIJAH GILBERT THOMPSON, | |
| Appellant | No. 2396 EDA 2015 |

Appeal from the Judgment of Sentence September 4, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001276-2015
CP-48-CR-0003771-2014

BEFORE:  PANELLA, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 20, 2016**

Elijah Gilbert Thompson ("Appellant") appeals, *pro se*, from the judgment of sentence entered in the Court of Common Pleas of Northampton County after a jury convicted him on three counts of possession with the intent to deliver ("PWID")[1] and related charges.  We affirm.

On November 19, 2014, Appellant was arrested and charged with PWID heroin and possession of drug paraphernalia following the execution of a search warrant at his residence in Easton and for his vehicle.  Recovered from Appellant's residence were rubber bands used to package heroin into bundles, a package of marijuana, a notebook documenting heroin distribution, and a cell phone with a number corresponding to the number

_____

[1] 35 Pa.C.S.A. § 780-113(a)(30).

_____

*Former Justice specially assigned to the Superior Court.

contacted by a confidential informant. Recovered from Appellant's vehicle were 150 packets of heroin and a digital scale. The searches were the culmination of surveillance employing a confidential source to arrange a controlled buy from Appellant.

Prior to trial, Appellant filed a *pro se* motion to remove appointed counsel in favor of self-representation, which, after a hearing taking place on June 26, 2015, the trial court granted. C.R. #29. The court appointed new counsel to serve as stand-by counsel. Jury trial commenced on July 6, 2015, and, as noted *supra*, culminated with verdicts of guilt on all counts. On September 4, 2015, the court imposed an aggregate sentence of thirty-three to ninety months' incarceration. Appellant filed timely post-sentence motions, which the court denied. This timely appeal follows.[2]

In Appellant's "Statement of Questions Presented," he raises the following three claims:

> 1. WAS THE VERDICT AGAINST THE GREAT WEIGHT OF THE EVIDENCE WHERE THE WITNESSES (THE CI/CS, SGT. HOMOKI) WERE NEVER MADE AVAILABLE TO BE CROSS

---

[2] Appellant filed his notice of appeal prior to the court's imposition of sentence and the denial of his post-sentence motions for a new trial. Rule of Appellate Procedure 905(a)(5), however, provides:

> A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.

Pa.R.A.P. 905(a)(5). Accordingly, we deem Appellant's notice of appeal timely filed.

EXAMINED, CORROBORATE TESTIMONY, AND COULD HAVE LIED?

2. WAS THE VERDICT AGAINST THE GREAT WEIGHT OF THE EVIDENCE WHERE THERE WAS INSUFFICIENT EVIDENCE THAT DID NOT ESTABLISH BEYOND A REASONABLE DOUBT THAT DEFENDANT/APPELLANT HAD CONSCIOUS DOMINION VER [SIC] AREA WHERE CONTRABAND WAS ALLEGEDLY FOUND?

3. WAS THE VERDICT AGAINST THE GREAT WEIGHT OF EVIDENCE WHERE INSP. CRISAFULLI TESTIFIED THAT NO MENTION OF HEROIN WAS EVER MADE DURING THE ALLEGED PHONE CALL CONVERSATION TO PROVE CRIMINAL USE OF COMMUNICATION FACILITY?

Appellant's brief at 1-2.

Although Appellant enumerates three distinct claims, he merges them in the ten-page argument that follows such that we address his claims as presented. Appellant first argues that his verdicts were "against the great weight of the evidence" because police officers provided false testimony and the confidential informant was not made available for cross-examination. Under such circumstances, Appellant contends,

it is entirely irrational [sic] for one to "know" what truly happened during these so-called "direct buy/controlled buy" operations unless one was actually present during these alleged events. The police weren't present and the evidence of this is the fact that Insp. Crisafulli testified that the [confidential informant] "was under constant surveillance." Belief and actual knowing are two different things with two different meanings.

Appellant's brief at 6.

Police testimony recounting the procedures taken with the confidential informant and in placing the phone call to the purported heroin dealer was

further unreliable, Appellant maintains, because the phone call was never recorded and was answered by an unknown male. Appellant's brief at 7. Officers' testimony that the confidential informant was free of any money or contraband prior to receiving the controlled buy money, that they observed Appellant exchange heroin for money with the confidential informant, and that the purchased drugs field-tested positive for heroin "contradict[ed] physical facts and the laws of nature." *Id.* In this regard, Appellant argues

> [t]here was insufficient evidence presented at trail [sic] to support these accusations. The phone calls were never recorded. The Cooperating Source [confidential informant] was never strip-searched, nor cavity searched (indicating clearly that the Cooperating Source could have hid contraband and money in a place where police were unwilling to look). There was never any of the pre-recorded money recovered from me. There was no fingerprints [sic] found on contraband. Each time there was an alleged "controlled purchase" the "stamp" on the packaging materials was different (indicating inconsistency). The find of a LG phone unregistered to me with the same number is insignificant because no physical facts were presented to argue the Appellant answered the phone nor was any mention of heroin ever discussed in these conversations. The Cooperating Source's identity was withheld from the record and he was never available at any hearing to be cross-examined or corroborated these accusations. Officer's testimony is the result not only of his conscious decision to withhold the truth but his apparent inability to accurately recall simple details of the incidents.

*Id*. at 8.[3]

_____

[3] We note that Appellant introduces this passage with a reference to the insufficiency of the evidence. Notwithstanding this reference, the substance of his argument implicates the weight of the evidence rather than the sufficiency.

Appellant's argument then segues into assailing what he terms an invalid search and seizure of incriminating evidence from the residence in which he was located. *Id*. at 9-10. Officers subsequently lied at the preliminary hearing and trial when they testified that contraband was also discovered on Appellant's person, he maintains. *Id*. at 10-11. Also unsubstantiated was testimony of a dog-sniff search of a vehicle parked at the residence, Appellant continues, as no paperwork associated with the search and arrest mentions a dog-sniff. *Id*. at 11. Appellant implies the seizure of the vehicle and its subsequent search at the Easton Police Department "evidence garage" was suspect. *Id*. at 12.

The unreliability of evidence against him is further established, Appellant posits, when one considers testimony recounting that Appellant's phone conversation with his mother while he was "under duress." According to Appellant, he was asked by his mother if "they found 'it'," to which he replied "yes." "No one can fully understand what the appellant meant when he replied yes or what he thought "it" was, but the appellant," Appellant argues. *Id*. Finally, Appellant recites authority on the sufficiency of evidence pertaining to possession with intent to deliver unlawful narcotics without discussing how such authority applies to the present case. Id. at 12-13.

The Commonwealth responds that Appellant's claims challenge the weight of the evidence and, as such, are waived for appellate purposes

because Appellant failed to raise them before the trial court in his post-senetnce motions. We agree.

The following legal principles guide this Court's review of challenges to the weight of the evidence:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court[.] Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 757-58 (Pa.Super. 2014) (citations and quotation marks omitted).

It is axiomatic that an appellant first must raise a weight of the evidence claim in either a motion prior to sentencing, an oral motion at

sentencing, or a post-sentence motion to preserve the claim for appellate review. **_Commonwealth v. Griffin_**, 65 A.3d 932, 938 (Pa.Super. 2013). Here, the record establishes that Appellant failed to raise any of his appellate claims in his self-styled "Motion for New Traili [sic]," "Motion for Judgment of Acquittal," or "Motion to Compel Discovery" filed with the trial court after imposition of sentence.[4] As such, there is no trial court exercise of discretion for this Court to review with respect to Appellant's weight of the evidence claims, and we dismiss the present appeal on this basis.

Even if the claims as presented before us were preserved, we would be constrained to dismiss them because of the substantial deficiencies in Appellant's brief. Appellant presents a rambling thirteen-page argument comprising, first, the identification of evidence[5] he deems unreliable and, second, a recitation of various precepts of law, without making any attempt to develop the argument to establish how the law would apply to the evidence in such a way as to require a new trial. We are, accordingly, incapable of conducting meaningful judicial review of his argument. While we are not insensitive to the fact Appellant is proceeding _pro se,_ we decline

---

[4] Appellant's post-sentence motions invoked, in the broadest terms, the "rights of mankind" he claimed were inherent in the Declaration of Independence, the Constitution of the United States, and the Acts of Congress. Appellant addressed neither trial evidence nor his sentence in his post-sentence motions.
[5] Appellant repeatedly fails to provide the place in the record where the referenced testimony or evidence appears, in contravention of Rule 2119(c).

to become his counsel. "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Miller***, 721 A.2d 1121, 1124 (Pa.Super. 1998) (citations omitted). Further, although this Court is "willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005).

Judgment of sentence is affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2016