J-S39035-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RALPH KENNETH MEADOWS, | : | |
| | : | |
| Appellant | : | No. 22 WDA 2017 |

Appeal from the Judgment of Sentence November 30, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0001508-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RALPH KENNETH MEADOWS, | : | |
| | : | |
| Appellant | : | No. 23 WDA 2017 |

Appeal from the Judgment of Sentence November 30, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0001507-2016

BEFORE:   BENDER, P.J.E., BOWES, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED AUGUST 21, 2017**

In these consolidated *pro se* appeals, Ralph Kenneth Meadows (Appellant) challenges the judgments of sentence entered on November 30, 2016, after the trial court found him guilty of speeding (case no. 1508-2016) and two counts of driving with a suspended license (case no. 1507-2016). We affirm.

*Retired Senior Judge assigned to the Superior Court.

On April 8, 2016, Forest Hills Police Officer Len Mesarchik clocked Appellant driving 55 m.p.h. in a 40 m.p.h. zone. He radioed ahead to Officer Dan Sharp, who initiated a traffic stop. When he asked Appellant for his license and registration, Appellant refused to provide them. After backup arrived, the officers removed Appellant from the vehicle, recovered identification from Appellant's wallet, and learned that Appellant's license had been suspended for driving under the influence. On May 25, 2016, Officer Larry Heller, who had assisted Officer Sharp on the April 8, 2016 citation, saw Appellant driving on Ardmore Boulevard in Forest Hills. Knowing from the prior incident that Appellant's license had been suspended, Officer Heller stopped Appellant and cited him again.

After being convicted of the above-referenced summary offenses at both docket numbers at the magistrate level, Appellant filed appeals to the trial court. After a *de novo* hearing at which the Commonwealth offered evidence of the facts discussed above, the trial court found Appellant guilty and entered an aggregate sentence of six months of imprisonment, approximately $2,000 in fines, and costs of prosecution.

Appellant timely filed notices of appeal at each docket number. The trial court ordered Appellant to file a concise statement of errors complained of on appeal, Appellant timely filed a statement, and the trial court authored opinions at each docket number. This Court *sua sponte* consolidated the

appeals, the parties have filed their briefs, and this appeal is thus ripe for disposition.

After a review of the briefs, the trial court opinion, and the record, we conclude that Appellant has failed to preserve any issue for our review. First, his 1925(b) statement is nothing but a nonsensical rambling about provisions of the Uniform Commercial Code (UCC), which, even if they were at all relevant to the issues in this criminal case, were not raised in the trial court.[1]  Thus, those claims are waived.  **Commonwealth v. Coleman**, 19 A.3d 1111, 1118 (Pa. Super. 2011) ("This claim is waived as it was raised for the first time in Appellant's Pa.R.A.P. 1925(b) statement.").

Second, Appellant's brief utterly fails to comply in any meaningful way with the Rules of Appellate Procedure.  "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant.  Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of

---

[1] For the most part, Appellant does not cite to any statute enacted in Pennsylvania, but rather to sections of the proposed UCC, such as § 1-308, which provides, *inter alia*, "A party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved."  Citing this provision, Appellant asserts that he reserves his rights *nunc pro tunc* "not to be compelled to perform under any contract or commercial agreement that [he] did not enter knowingly, voluntarily and intentionally without full disclosure."  1925(b) Statement, 1/30/2017. Clearly, this has nothing to do with any issue in the case at hand.

[] Court." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003).

Here, Appellant's 1¼-page brief contains no statement of questions presented, as required by Pa.R.A.P. 2111(a)(4). His brief also is in violation of Pa.R.A.P. 2111(a)(1) (requiring a statement of jurisdiction); Pa.R.A.P. 2111(a)(3) (requiring a statement of the scope and standard of review); Pa.R.A.P. 2111(a)(6) (requiring a summary of argument); and Pa.R.A.P. 2111(a)(8) (requiring an argument section). The brief further is devoid of citations to the record or to any pertinent legal authority[2] as are required by Pa.R.A.P. 2119(c) and (b), respectively. Therefore, Appellant's brief does not preserve any issue for our review. ***See***, ***e.g.***, ***Commonwealth v. Miller***, 721 A.2d 1121, 1124 (Pa. Super. 1998) ("When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.").

Furthermore, Appellant cites no authority to support his apparent belief that he has a constitutional right to travel that allows him to drive without a valid license and to ignore posted speed limits. Nor does he offer any citations to demonstrate how his Fourth Amendment rights had been

---

[2] Appellant's brief does include a few case names, purportedly referencing Appellant's right to travel. Appellant's Brief at 1. Given the other failings of Appellant's submissions, we need not waste our time finding citations for the cases or explaining their lack of relevance to the case before us.

violated, or indicate what evidence should have been suppressed as a result of the alleged violation. *See*, *e.g.*, *Commonwealth v. Campbell*, 862 A.2d 659, 665 (Pa. Super. 2004) (holding that asking even a passenger in a lawfully-stopped vehicle for identification does not violate the Fourth Amendment). Accordingly, even if he did not waive the issues raised in his brief, we would hold that Appellant has failed to convince us that he is entitled to any relief from this Court. *Commonwealth v. Claffey*, 80 A.3d 780, 787 (Pa. Super. 2013) ("It is, of course, an appellant's burden to persuade us the trial court erred and relief is due.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/21/2017