J-S35007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
RUSSELL L. VANCE :
:
Appellant : No. 1223 EDA 2018

Appeal from the PCRA Order April 5, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0216811-1985

BEFORE: OLSON, J., STABILE, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.: **FILED AUGUST 30, 2019**

Appellant, Russell L. Vance, appeals *pro se* from the order entered on April 5, 2018, dismissing as untimely his ninth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9646. We affirm.

We briefly summarize the facts and procedural history of this case as follows. On February 3, 1986, Appellant entered an open guilty plea to murder, generally, and possessing instruments of crime after shooting his landlord nine times in an apparent rental payment dispute. Following a degree-of-guilt hearing, Appellant was convicted of first-degree murder and sentenced to a mandatory sentence of life imprisonment without the possibility of parole. This Court affirmed Appellant's judgment of sentence on August 1, 1988, and our Supreme Court denied allowance of appeal on March 15, 1989.

_____

* Retired Senior Judge assigned to the Superior Court.

Thereafter, Appellant filed eight PCRA petitions, none of which afforded him relief. In his eighth petition, Appellant argued that he was entitled to relief based upon the United States Supreme Court decision in *Miller v. Alabama*, 560 U.S. 460 (2012). We disagreed, however, finding that *Miller* was inapplicable to Appellant. *See Commonwealth v. Vance*, 121 A.3d 1136 (Pa. Super. 2015) (unpublished memorandum). Therein, we noted that "*Miller* applies to juveniles sentenced to life imprisonment without the possibility of parole[, but] Appellant was 39 [years old] and, therefore, not a minor when he committed his crime." *Id.* at *6 (footnote omitted).

On February 2, 2016, Appellant filed the instant *pro se* PCRA petition, his ninth, alleging that the United States Supreme Court decision in *Montgomery v. Louisiana*, 136 S.Ct. 718, 723 (2016), which applied *Miller* retroactively to cases still pending on state collateral review, entitled him to relief. On May 30, 2017, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss Appellant's petition because he failed to validly invoke an exception to the PCRA's one-year jurisdictional time bar. Moreover, the PCRA court noted that Appellant was not entitled to relief under *Montgomery*, for the same reason that he was not entitled to relief under *Miller*, because he was 39 years old at the time of the crimes.

On June 19, 2017, Appellant filed a response to the PCRA court's Rule 907 notice. Therein, Appellant alleged that because he and the victim were both employed by the United States Postal Service, the trial court lacked jurisdiction over this case and Appellant should have been tried in federal

court. Appellant, however, did not seek leave of court to amend his PCRA petition to include this additional issue. Moreover, the response did not elaborate on Appellant's original claims raised pertaining to **Montgomery** and **Miller**. By order and opinion entered on April 5, 2018, the trial court dismissed Appellant's PCRA petition as untimely. In the accompanying opinion, the PCRA court again noted that **Miller** and **Montgomery** were inapplicable to Appellant based upon his age at the time of the crime. The PCRA court further recognized that although the PCRA provides relief for a claim of lack of jurisdiction, such a claim is still subject to the PCRA's one-year timeliness requirement and Appellant failed to invoke an exception to the time bar. Appellant filed a *pro se* notice of appeal on April 17, 2018.

On appeal, Appellant presents the following issues, *pro se*, for our review:

> I. Whether the [PCRA] court erred by denying Appellant's PCRA petition alleging that the trial judge did not have jurisdiction over [Appellant's original murder charges?]
>
> II. Whether the [PCRA] court erred by denying Appellant's PCRA petition because of untimeliness?
>
> III. Whether trial counsel was ineffective by failing to challenge the jurisdiction of the trial court since both Appellant and the victim [] were full-time employees of the U.S. [P]ostal [S]ervice?

Appellant's *Pro Se* Brief at 4 (cleaned up).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may

- 3 -

affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

Initially, we note that, on appeal, Appellant has abandoned his original claim pertaining to **Miller** and **Montgomery** and, thus, we find that issue waived. Our Rules of Appellate Procedure state unequivocally that each question an appellant raises on appeal is to be supported by discussion with reference to the record and analysis of pertinent authority. **See** Pa.R.A.P. 2119. Appellate arguments which fail to adhere to our rules may be considered waived, and arguments which are not appropriately developed are waived. **See Commonwealth v. Murchinson,** 899 A.2d 1159, 1160 (Pa. Super. 2006) (deeming the appellant's claims waived under Rule 2119(a) because he did not develop meaningful argument with specific references to relevant caselaw and to the record to support his claims); **see also Commonwealth v. Miller**, 721 A.2d 1121, 1124 (Pa. Super. 1998) ("Failure to brief an issue is to waive it, as such omission impedes our ability to address the issue on appeal."). Thus, the original issue presented in Appellant's most recent PCRA petition is waived.

Next, we recognize that all of Appellant's appellate issues, as presented, center on his claim that the Philadelphia Court of Common Pleas lacked

jurisdiction over his 1986 criminal case because both he and the victim were federal employees at the time of the crime. Thus, Appellant posits that he should have been tried in federal court. Appellant raised this issue initially in his response to the PCRA court's notice of intent to dismiss the PCRA petition under Pa.R.Crim.P. 907. He did not seek leave to amend the current PCRA petition.

This Court previously determined that issues not included in an original PCRA petition or a court-approved amended PCRA petition are deemed waived. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) ("It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal.") We stated:

> The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, *see Commonwealth v. Williams*, 782 A.2d 517, 526 (Pa. 2001), the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to "discern the potential for amendment." *Id.* at 527. The response is not itself a petition and the law still requires leave of court to submit an amended petition. *See* Pa.R.Crim.P. 905(A).

*Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa. Super. 2012). In order to aver a new PCRA claim, as Appellant has done here, the petitioner must seek leave to amend his PCRA petition. *Id.* at 1192. When a petitioner has "not sought permission to amend [a] petition to raise [] new claims, the PCRA court [is] not required to address the issues [raised in response to a Rule 907

notice]. *Id.*; *see also Commonwealth v. Mason*, 130 A.3d 601, 627, 634 (Pa. 2015) ("The petitioner bears the onus of informing the PCRA court that he or she seeks to add claims through an amended petition, and, in response, the court shall freely grant leave to amend where doing so achieves substantial justice consistent with the dictates of Pa.R.Crim.P. 905(A)."). Because Appellant did not seek leave to amend his PCRA petition to include his wholly unrelated federal jurisdiction claim, the PCRA court was under no obligation to review the merits of this new issue. *See Mason*, 130 A.3d at 621 n.19; *Rykard*, 55 A.3d at 1189 n.8. Accordingly, Appellant is not entitled to relief on this claim.[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/19

---

[1] Moreover, as the PCRA court concluded, Appellant did not invoke a timeliness exception before the PCRA court. "The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015). Here, the fact that Appellant and the victim were both federal employees was either known at the time of trial or could have been learned through the exercise of due diligence many years, even decades, earlier.