J-S13012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JIMMY SANTOS | : | |
| | : | |
| Appellant | : | No. 1037 EDA 2020 |

Appeal from the PCRA Order Entered February 21, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015316-2013

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 1, 2021**

Appellant, Jimmy Santos, appeals from the order entered on February 21, 2020, which dismissed his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

As the PCRA court ably explained, the underlying facts of this case are as follows:

> Abba Abukanan was a drug addict. A few days before October 25, 2012, Abukanan went to the area of 5th and Cornwall Streets in Philadelphia to purchase illegal drugs [from Appellant and Appellant's co-defendant, William Colon,] using counterfeit money. [Appellant and Colon] did not appreciate that Abukanan was attempting to pawn off fake money to them and an altercation ensued. [Appellant] and Colon chased Abukanan off the block and told him not to come back. Abukanan, being a drug addict[,] returned on October 25, 2012, money in hand to buy more illicit drugs. When Abukanan was recognized, [Appellant and Colon] were

_____

* Retired Senior Judge assigned to the Superior Court.

> alerted to his presence. [Appellant] shot Abukanan in the left wrist and leg. Colon then shot Abukanan in the back of the head. When police arrived on the scene, Abukanan was found dead, with three gunshot wounds and the money still gripped in his hand.

PCRA Court Opinion, 7/15/20, at 2-3 (citations omitted).

A jury found Appellant guilty of third-degree murder, violations of the Uniform Firearms Act ("VUFA"), and possessing an instrument of crime ("PIC").[1] On June 19, 2015, the trial court sentenced Appellant to serve an aggregate term of 30 to 60 years in prison for his convictions. We affirmed Appellant's judgment of sentence on September 19, 2016 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on January 10, 2017. *Commonwealth v. Santos*, 158 A.3d 181 (Pa. Super. 2016) (unpublished memorandum) at 1-11, *appeal denied*, 165 A.3d 873 (Pa. 2017).

Appellant filed a timely, *pro se* PCRA petition on June 16, 2017. The PCRA court appointed counsel to represent Appellant during the proceedings and counsel eventually filed an amended petition on Appellant's behalf.

On January 22, 2020, the PCRA court provided Appellant with notice that it intended to dismiss his petition in 20 days, without holding a hearing. PCRA Court Order, 1/22/20, at 1; *see also* Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's petition on February 21, 2020 and Appellant filed a timely notice of appeal. Appellant raises three claims on appeal:

---

[1] 18 Pa.C.S.A. §§ 2502(c), 6101 *et seq.*, and 907(a), respectively.

[1.] Was [Appellant] denied his constitutional right to effective assistance of trial counsel, in that counsel failed to protect his client's rights in failing to properly disclose his conflict of interest in that he represented the Commonwealth's eyewitness, Julio Rosa[,] in two separate criminal cases?

[2.] Was [Appellant] denied his sixth amendment right to assistance of trial counsel, in that counsel failed to protect his client's rights in failing to have presented meaningful adversarial testing of the Commonwealth's evidence including failure to file a motion *in limine* and/or object to hearsay evidence and evidence of prior bad acts of [Appellant] and [Colon] running the drug corner?

[3.] Was counsel's trial strategy to admit that his client shot the victim in the left wrist and leg, nonfatal wounds, and argue that [Appellant and Colon] did not act in concert with one another[,] as there was no conspiracy between the two defendants ineffective?

Appellant's Brief at 4.

"We review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error. Our standard of review of a PCRA court's legal conclusions is *de novo*." **Commonwealth v. Cousar**, 154 A.3d 287, 296 (Pa. 2017) (citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining

process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a

probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." ***Id.***

First, Appellant claims that his trial counsel was ineffective because counsel "fail[ed] to properly disclose his conflict of interest in that he represented the Commonwealth's eyewitness, Julio Rosa[,] in two separate criminal cases." Appellant's Brief at 4. However, within the argument section of Appellant's brief, Appellant did not support this claim with any argument whatsoever. ***See id.*** at 8. As such, Appellant waived his first claim on appeal. ***Commonwealth v. Miller***, 721 A.2d 1121, 1124 ("[w]e decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof") (quotations and citations omitted).[2]

_____

[2] Even if Appellant had preserved this claim, the claim would have failed on the merits because Appellant was well aware of the fact that his trial counsel previously represented Mr. Rosa in two unrelated criminal cases. Indeed, the trial court conducted a thorough colloquy on the issue and, at the end of the colloquy, Appellant expressly stated that he wanted trial counsel to continue representation, even though trial counsel had previously represented Mr. Rosa in two unrelated criminal cases. ***See*** N.T. Trial, 1/8/15, at 4-7 (Appellant's counsel expressly informed Appellant that counsel had represented Mr. Rosa in two unrelated criminal cases and, at the end of the colloquy, counsel asked Appellant "[d]o you want me to continue to represent you?," with Appellant responding "[y]es, sir;" ***see also*** Trial Court Opinion, 7/15/20, at 5-7.

Next, Appellant claims that his trial counsel was ineffective because counsel failed "to file a motion *in limine* and/or object to hearsay evidence and evidence of prior bad acts of [Appellant] and [Colon] running the drug corner." Again, Appellant failed to support this claim with any cogent argument or legal discussion. Thus, Appellant waived his second claim on appeal. *See Miller*, 721 A.2d at 1124.

Finally, Appellant claims that his trial counsel was ineffective in admitting that Appellant "shot the victim in the left wrist and leg . . . and argu[ing] that [Appellant and Colon] did not act in concert with one another." Appellant's Brief at 10. According to Appellant, trial counsel's strategy was flawed because "[t]he defense of admitting that [Appellant] only wanted to wound the deceased victim by shooting him twice fails to recognize that . . . the trial court would instruct the jury on accomplice liability, which would permit the jurors to find [Appellant] guilty of murder in the third degree." *Id.* at 10 and 12 (some capitalization omitted).

The PCRA court concluded that Appellant's claim failed because:

> it is crystal clear that counsel zealously argued to the jury that [Appellant] was neither a co-conspirator, nor an accomplice of William Colon. Counsel not only anticipated the charge for conspiracy and accomplice liability but presented a zealous argument to the jury that [Appellant] was neither an accomplice nor a co-conspirator. It is noteworthy that the jury found [Appellant] only guilty of [third-degree] murder, while at the same time convicting Mr. Colon of murder in the first degree. Counsel skillfully presented an able defense **despite the fact that [Appellant] admitted to shooting the [victim,] which two eyewitnesses corroborated**. The law is clear that a

- 6 -

strategy, chosen by trial counsel, will not be found to have lacked a reasonable basis unless it is proven that an alternative not chosen offered a substantially greater chance of success than the course pursued. As such, [Appellant's claim] is without merit.

PCRA Court Opinion, 7/15/20, at 12-13 (citations omitted) (emphasis added).

In this case, Appellant admitted to the police that he shot the victim, two eyewitnesses provided sworn statements to the police that Appellant shot the victim, and the physical evidence corroborated the fact that two separate guns were used to murder the victim. Given these facts, we agree with the PCRA court that Appellant's trial counsel had a reasonable basis for admitting that Appellant shot the victim and "argu[ing] that [Appellant and Colon] did not act in concert with one another." *See* Appellant's Brief at 10. Simply stated, given the facts of the case, we agree with the PCRA court that Appellant could not prove, by a preponderance of the evidence, that "no competent counsel would have chosen [the action of Appellant's trial counsel], or, the alternative, not chosen, offered a significantly greater potential chance of success." *Stewart*, 84 A.3d at 707 (quotations and citations omitted). Thus, Appellant's claim on appeal fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/01/2021