J-S02005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON M. ROBERTS | : | |
| | : | |
| Appellant | : | No. 1233 EDA 2018 |

Appeal from the PCRA Order October 18, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002920-2013,
CP-51-CR-0003684-2013

BEFORE: OLSON, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY OLSON, J.: **FILED MARCH 1, 2022**

Appellant, Brandon M. Roberts, appeals from the October 18, 2016 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1] We affirm.

The record demonstrates that, pertinent to the instant appeal, in January 2013, Appellant was arrested and charged at trial court docket number CP-51-CR-0003684-2013 ("CR-3684") with third-degree murder, firearms not to be carried without a license, carrying firearms in public in Philadelphia, Pennsylvania, possessing an instrument of crime, recklessly

---

[1] In a notice of appeal, Appellant states that he appeals from an order entered on April 12, 2018. We have carefully reviewed the certified record and determined, as discussed more fully *infra*, that Appellant appeals from the order entered October 18, 2016, that dismissed his PCRA petition. The caption has been corrected accordingly.

endangering another person, and persons not to possess a firearm.[2]  Also in January 2013, Appellant was arrested and charged at trial court docket number CP-51-CR-0002920-2013 ("CR-2920") with criminal mischief – intentionally damaging real or personal property of another (3 counts), theft by unlawful taking, and unauthorized use of an automobile.[3]

On March 31, 2014, Appellant entered into a negotiated plea agreement pursuant to which Appellant pleaded guilty at CR-3684 to third-degree murder and firearms not to be carried without a license and, at CR-2920, to unauthorized use of an automobile.  At CR-3684, the trial court sentenced Appellant to 20 to 40 years' incarceration for third-degree murder and 3 to 8 years' incarceration for firearms not to be carried without a license, with the latter sentence set to run consecutively to the sentence imposed for third-degree murder.  At CR-2920, the trial court sentenced Appellant to 1 to 2 years' incarceration for unauthorized use of an automobile, with the sentence set to run concurrently to the sentence imposed at CR-3684.  Overall, Appellant's aggregate sentence was 23 to 48 years' incarceration.[4]

_____

[2] 18 Pa.C.S.A. §§ 2502(c), 6106(a)(1), 6108, 907(a), 2705, and 6105(a)(1), respectively.

[3] 18 Pa.C.S.A. §§ 3304(a)(5), 3921(a), and 3928(a), respectively.

[4] Appellant also pleaded guilty to firearms not to be carried without a license, 18 Pa.C.S.A. § 6106(a)(1), and terroristic threats, 18 Pa.C.S.A. § 2706, at trial court docket CP-51-CR-0002934-2013 ("CR-2934").  N.T., 3/31/14, at 4. The trial court sentenced Appellant to 3 to 6 years' incarceration for firearms not to be carried without a license, with the sentence set to run concurrently

On April 2, 2014, the trial court amended its sentencing order at CR-3684 upon discovery that Appellant pleaded guilty to firearms not to be carried without a license – a third-degree felony, not a second-degree felony. The trial court re-sentenced Appellant to 3 to 7 years' incarceration for firearms not to be carried without a license – a third degree felony, with the sentence set to run consecutively with the sentence imposed for third-degree murder (20 to 40 years' incarceration). Overall, Appellant's newly imposed aggregate sentence was 23 to 47 years' incarceration.

On March 24, 2015, Appellant filed *pro se* a PCRA petition asserting, *inter alia*, a claim of ineffective assistance of trial counsel for failure to ensure that Appellant's guilty plea was knowing, intelligent, and voluntary. **See** Appellant's *Pro Se* PCRA Petition, 3/24/15, at ¶15 (stating, "I never waived my right to have my sentence determined by a jury and [trial] counsel was ineffective for failing to object to the invalid waiver").

On January 29, 2016, the PCRA court appointed James Anthony Lammendola, Esquire ("Attorney Lammendola") to represent Appellant. On September 13, 2016, Attorney Lammendola filed a **Turner**/**Finley**[5] "no-merit" letter with the PCRA court, as well as a motion to withdraw as Appellant's

_____

to the sentence imposed for third-degree murder at CR-3684. **Id.** at 27-28. In his PCRA petition, Appellant did not challenge the guilty plea entered at CR-2934.

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

counsel. In his "no-merit" letter, Attorney Lammendola concluded that no meritorious issues existed to raise on Appellant's behalf.

On September 20, 2016, the PCRA court notified Appellant, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss Appellant's PCRA petition and instructed Appellant that he had 20 days in which to file a response. Appellant did not file a response to the Rule 907 notice.[6] Instead, on September 23, 2016, Appellant filed *pro se* a supplemental PCRA petition asserting a claim of after-discovered evidence, namely that an eyewitness provided false statements to the police implicating Appellant in the events which, ultimately, led to charges of third-degree murder and related offenses being filed against him. On October 18, 2016, the PCRA court dismissed Appellant's *pro se* PCRA petition and granted Attorney Lammendola's motion to withdraw as counsel for Appellant. PCRA Court Order, 10/18/16.

Our review of the record reveals that Appellant subsequently submitted a notice of appeal dated November 25, 2016, to the PCRA court, which the PCRA court determined to be untimely filed because it had not been filed within 30 days following the entry of the October 18, 2016 order dismissing Appellant's PCRA petition. N.T., 9/9/21, at 13 (stating, Appellant's

_____

[6] Although Appellant included a copy of a response to the PCRA court's Rule 907 notice as an exhibit attached to his *pro se* appellate brief, the attachment is undated and does not include a time-stamp indicating it was received by, or filed with, the PCRA court. Moreover, a review of the PCRA court docket sheet does not contain an entry demonstrating that this attachment was filed with the PCRA court.

"submission to the [PCRA] court indicates that the notice of appeal was []
dated [November 25, 2016], which would make it too late, beyond the 30
days"). Our review further confirms that Appellant placed his notice of appeal
in the hands of prison officials on November 11, 2016.[7] *Id.* at 13. Under the
prisoner mailbox rule, which provides that a *pro se* prisoner's document is
deemed filed on the date he, or she, delivers the document to prison
authorities, Appellant's notice of appeal from the October 18, 2016 order was
filed within 30 days of the entry of said order, and, having filed a timely notice
of appeal, Appellant perfected jurisdiction in this Court on November 11, 2016.
*See Commonwealth v. DiClaudio*, 210 A.3d 1070, 1074 (Pa. Super. 2019)

_____

[7] A review of the record reveals that after submitting his notice of appeal dated
November 25, 2016, to the PCRA court, Appellant subsequently directed *pro
se* correspondence to the PCRA court asserting that his notice of appeal was
placed in the hands of prison officials on November 11, 2016, and was,
therefore, timely filed pursuant to the prisoner mailbox rule. N.T., 9/9/21, at
13. Appellant attached a cash receipt from the prison indicating that he paid
for the mailing on November 11, 2016, as evidence that he placed the notice
of appeal in the hands of prison officials on November 11, 2016. Neither
Appellant's *pro se* notice of appeal nor his *pro se* correspondence, as well as
the attachment, were entered on the PCRA court's docket as having been filed,
and neither document is part of the certified record submitted to this Court.
Rather, we glean the context of these documents from our review of the PCRA
court's summary of procedural history as set forth at a September 9, 2021
hearing. *See* N.T., 9/9/21, at 13-14.

Although the PCRA court entered a January 26, 2018 order "reinstating"
Appellant's appeal rights *nunc pro tunc*, and informed Appellant he must
perfect his appeal within 30 days thereof, Appellant's appeal was already
perfected on November 11, 2016. As such, Appellant's *pro se* notice of appeal
filed on February 16, 2018, and the procedural posture of the case *sub judice*
that followed, is not pertinent to the instant appeal.

(explaining the principle known as the "prisoner mailbox rule"). The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court filed its Rule 1925(a) opinion on June 25, 2018.

A review of Appellant's *pro se* brief demonstrates that he raises a claim of ineffective assistance of trial counsel asserting that trial counsel failed to provide discovery until shortly before the start of trial and that, because this material was not disclosed sooner, Appellant had no choice but to plead guilty. Appellant's Brief at 1 (unpaginated).[8] In other words, Appellant raises a claim

_____

[8] Appellant's *pro se* brief, in its entirety excluding attached, but unmarked, exhibits, consists of the following two paragraphs:

> [Appellant] avers that he did not [receive effective assistance of trial] counsel [because he did not receive certain materials] until hours before [the start of Appellant's trial.] This is why Appellant [asserts] claims for ineffective assistance [of] counsel.

> Appellant also avers he was left with no choice but to enter a [guilty] plea due to [information] being withheld[. Appellant's trial] counsel did not raise any issue while Appellant was in court.

Appellant's Brief at 1 (unpaginated). We direct Appellant to the Pennsylvania Rules of Appellate Procedure, and specifically to Rules 2111 and 2114-2119, which set forth the requirements for an appellant's brief. It is well-established that as a general principle "[w]hen issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, [this Court] will not consider the merits thereof." ***Commonwealth v. Miller***, 721 A.2d 1121, 1124 (Pa. Super. 1998). Based upon the procedural posture of the case *sub judice* and our review of the record, we decline to dismiss Appellant's appeal, despite the significant deficiencies in his brief and the failure to adhere to the appellate rules and, instead, will address the merits of his issue.

- 6 -

of ineffective assistance of trial counsel that led to Appellant unknowingly, unintelligently, and involuntarily entering a guilty plea.

In addressing Appellant's issue, we are mindful of our well-settled standard and scope of review of a PCRA court's dismissal of a PCRA petition. Proper appellate review of a PCRA court's dismissal of a petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

In order to plead and prove a claim of ineffective assistance of trial counsel, "a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*), *appeal denied*, 93 A.3d 463 (Pa. 2014). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs."

*Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). "Counsel is presumed to have rendered effective assistance[.]" *Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015).

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013). "Central to the question of whether [a] defendant's plea was entered voluntarily and knowingly is the fact that the defendant know and understand the nature of the offenses charged in as plain a fashion as possible." *Id.*

Here, Appellant asserts that he did not enter into his guilty plea knowingly, intelligently, or voluntarily because he learned of certain information only hours before his trial was set to begin.[9]  Appellant's Brief at 1 (unpaginated).  Appellant contends that trial counsel's ineffective assistance in failing to provide him with this information sooner left him "no choice" but to plead guilty.  *Id.*

---

[9] In his brief, Appellant does not set forth the nature of the information he purportedly received only hours before the start of his trial.

- 8 -

In denying Appellant's PCRA petition on the ground his claim of ineffective assistance of trial counsel was without merit, the PCRA court explained,

> [Appellant] knowingly and voluntarily entered into his negotiated plea agreement. [Appellant] was asked [prior to entering his guilty plea] all of the [] questions mandated in Pa.R.Crim.P. 590 and [he] answered in the affirmative.[10] The trial c]ourt conducted an extensive colloquy of [Appellant] during which he acknowledged that he understood his rights and decided to waive those rights in order to receive the benefit of the Commonwealth's offer to recommend to [the trial c]ourt that [Appellant] be

---

[10] The official comment to Rule 590 states that, prior to accepting a guilty plea,

> [a]t a minimum the [trial court] should ask questions to elicit the following information:
>
> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the [trial court] is not bound by the terms of any plea agreement tendered unless the [trial court] accepts such agreement?
>
> (7) Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?

Pa.R.Crim.P. 590 at Comment.

sentenced to [23] to [47] years['] incarceration on a very serious crime. [Appellant] confessed to the crime and admitted that he shot and killed the unarmed victim. [Appellant] received the benefit of pleading guilty to third[-]degree murder and [firearms violation] charges, whereas a trial may have resulted in a jury finding [Appellant] guilty of all charges pursued by the Commonwealth and [the trial court may have imposed a] lengthier consecutive sentence.

PCRA Court Opinion, 6/25/18, at 7.

At Appellant's plea hearing, the Commonwealth provided the trial court and Appellant with a recitation of the evidence it intended to prove at trial, including evidence that Appellant admitted to shooting the victim and that an eyewitness observed Appellant shooting the victim. N.T., 3/31/14, at 14. After listening to the Commonwealth's evidence, Appellant admitted that the Commonwealth's description of the incident was "basically what happened[.]" *Id.* at 21-22. Before accepting Appellant's guilty plea, the trial court inquired of Appellant as follows:

[Trial Court]: Are you satisfied with the representation of [trial counsel] up to this point?

[Appellant]: Yes.

[Trial Court]: I have in front of me three written guilty plea forms which are incorporated into the record by reference which indicate you wish to plead guilty to the [aforementioned charges.] Is that correct?

[Appellant]: Yes.

[Trial Court]: Did you have an opportunity to go over all three of these forms with [trial counsel] before you signed them?

[Appellant]: Yes.

- 10 -

[Trial Court]: Did [trial counsel] explain to you the charges to which [you are] pleading guilty and the maximum possible penalty which could be imposed?

[Appellant]: Yes.

[Trial Court]: Did [trial counsel] explain to you that you are presumed innocent and you have the right to have a trial by a judge or a jury if you want?

[Appellant]: Yes.

[Trial Court]: And[,] in fact[,] earlier today we had a jury panel assembled in order to prepare to select members of [a] jury for your [trial], but in the interim you changed your mind and you decided you did not want a jury for this trial. Is that right?

[Appellant]: Yes.

[Trial Court]: Did [trial counsel] explain to you the elements of the crimes that I just mentioned and what the [Commonwealth] would be required to prove if you were to go to trial?

[Appellant]: Yes.

[Trial Court]: Did [trial counsel] explain to you that [] by pleading guilty, you're giving up all rights to a trial and almost all rights on appeal on all three cases?

[Appellant]: Yes.

[Trial Court]: Did anyone threaten you or force you or make you plead guilty to these charges?

[Appellant]: No.

[Trial Court]: Are you doing so of your own free will?

[Appellant]: Yes.

[Trial Court]: All right. Has [trial counsel] also explained to you that if you're not a [United States] citizen,

that [there] may be immigration consequences of this plea?

[Appellant]:      Yes.

[Trial Court]:    Did [trial counsel] also explain to you there may be domestic relation consequences of this plea?

[Appellant]:      Yes.

*Id.* at 4-6. When asked if he was guilty of committing the aforementioned crimes, Appellant responded in the affirmative. *Id.* at 22. After the trial court accepted Appellant's guilty plea, the following dialogue occurred:

[Trial Court]:    All right. I'm going to sentence you in accordance with your negotiation. Do you wish to say anything on either of these cases before I sentence you?

[Appellant]:      I'm just happy we could come to a conclusion and I can get past this.

[Trial Court]:    Okay. I'm guessing you're saying that because you were facing first[-]degree murder charges and if you were found guilty of that, then you would be facing a sentence of life imprisonment without any possibility of parole. So that this sentence of -- that you've negotiated of 23 to 48 years[' incarceration] is, of course, allowing you an opportunity to get out of jail at some point as opposed to being incarcerated for the rest of your life. So, sir, I'm going to sentence you today in accordance with your negotiation.

*Id.* at 23-24.

Upon review, we concur with, and the record supports, the PCRA court's determination that Appellant entered his guilty plea knowingly, intelligently, and voluntarily and, therefore, his underlying claim of ineffective assistance of trial counsel was without merit. Appellant was aware of, and agreed with,

the Commonwealth's depiction of the circumstances which led to the charges filed against him, and he admitted that he was guilty of those crimes. Appellant stated, *inter alia*, that he was satisfied with trial counsel's representation, that he understood the maximum possible sentence that could be imposed if he were found guilty by a jury, and that he had the right to a trial-by-jury. A review of both Appellant's PCRA petition, as well as his appellate brief, demonstrates that Appellant failed to identify the information that he purportedly learned only several hours before he entered a guilty plea, much less explain how learning of this information left him with no choice but to plead guilty. As such, Appellant failed to plead and prove by a preponderance of the evidence a claim for ineffective assistance of trial counsel.[11] ***See Stewart***, 84 A.3d at 706; ***see also Barndt***, 74 A.3d at 192.

_____

[11] After the PCRA court entered its Rule 907 notice of intent to dismiss Appellant's PCRA petition without a hearing on September 20, 2016, Appellant subsequently filed *pro se* a supplemental PCRA petition asserting, *inter alia*, a claim of after-discovered evidence and requesting the PCRA court vacate his convictions and sentences. Appellant's *Pro Se* Supplemental PCRA Petition, 9/23/16, at ¶¶9-12, 16.

While Pa.R.Crim.P. 905 states that amendments to PCRA petitions should be freely allowed to achieve substantial justice, Rule 905 is not "self-authorizing such that a petitioner may simply 'amend' a pending petition with a supplemental pleading." Pa.R.Crim.P. 905; ***see also Commonwealth v. Mason***, 130 A.3d 601, 621 n.19 (Pa. 2015). Rather, Rule 905 "explicitly states that amendment is permitted only by direction or leave of the PCRA court." ***Mason***, 130 A.3d at 621 n.19 (citation omitted); ***see also*** Pa.R.Crim.P. 905(a) (requiring the PCRA court to grant leave to amend a PCRA petition). Here, Appellant did not request leave of the PCRA court to file his supplemental PCRA petition, nor is there any indication in the certified record that the PCRA court granted Appellant leave to file the supplemental PCRA

- 13 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2022

---

petition.  Therefore, we discern no error of law or abuse of discretion in the PCRA court's order denying Appellant's PCRA petition without consideration of the averments contained in Appellant's supplemental PCRA petition.