J-S21045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WILLITS | : | |
| | : | |
| Appellant | : | No. 1657 MDA 2022 |

Appeal from the PCRA Order Entered October 28, 2022
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000929-2017,
CP-41-CR-0001286-2017

BEFORE:  BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: JULY 25, 2023**

Michael Willits (Willits) seeks review of an order of the Court of Common Pleas of Lycoming County (PCRA court) dismissing his petition for post-conviction relief.  After being convicted of several counts pursuant to a plea and a jury trial, Willits was sentenced to an aggregate prison term of 6 to 15 years.  Willits waived his right to a direct appeal and was appointed counsel to assist him in presenting the claims in his PCRA petition.  PCRA counsel withdrew from representation, as did a replacement attorney.  The PCRA court dismissed the PCRA petition, finding that all Willits' issues were either waived or meritless.  Willits now asserts over a dozen claims, *pro se*, arguing various grounds of ineffective assistance of counsel and trial court error.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

On October 22, 2018, following a jury trial, Willits was found guilty of tampering with physical evidence; possession of marijuana; and possession of drug paraphernalia. A week later, Willits entered into an "open" guilty plea to additional counts of fleeing or attempting to elude law enforcement; endangering the welfare of children (EWOC); possession of drug paraphernalia; possession of marijuana; and various summary offenses. He stated at the plea hearing that he understood the consequences of pleading guilty, that his counsel at all stages of the proceedings had performed adequately, and that his decision to enter a plea was knowing, intelligent and voluntary. *See* Sentencing Hearing Transcript, 10/29/2021, at pp. 10-11.

Pursuant to a court order, Willits was examined by a psychiatrist to determine if he suffered from any behavioral disorders that might justify a more lenient sentence or the implementation of a treatment plan. *See* Sentencing Court Order, 10/29/2018, at 2. On February 12, 2019, Willits was sentenced to both cases to an aggregate prison term of 6 to 15 years. The sentence as to each of his convictions was set to run consecutively.

The sentencing court indicated that it was imposing these terms after considering the mental health evaluation, a pre-sentence report and the determination that Willits qualified as a repeat felony offender under the Pennsylvania sentencing code. *See* Sentencing Hearing Transcript, 2/12/2019, at pp. 23-29. Significantly, the sentencing court remarked that

according to the mental health evaluation, Willits did not suffer from "a significant serious mental illness," and that his crimes, rather, resulted from an impulsive personality and a difficult upbringing. *See id*. at pp. 23-24.

Willits timely filed a motion for reconsideration, asserting that the sentence was unduly harsh and excessive in light of his acceptance of responsibility for his crimes and rehabilitative needs. The sentencing court denied the motion and Willits appealed with the aid of counsel.

In the 1925(b) statement filed on behalf of Willits, counsel asserted, *inter alia*, that the sentence was excessive despite each individual sentence being within the standard range because the court had abused its discretion in determining that Willits was not amenable to a rehabilitation-based sentence. Before any briefing was filed, Willits waived his right to counsel and chose to represent himself on appeal. On November 20, 2019, this Court dismissed Willits' direct appeal for failure to file a brief.

On September 21, 2020, Willits timely filed (*pro se*) a petition for post-conviction relief (PCRA petition). He was appointed PCRA counsel (Attorney Trisha Jasper-Hoover) who, on November 23, 2020, filed a thorough "no-merit" letter and a petition to withdraw from the case.[1] On January 6, 2021,

---

[1] The procedure for counsel's withdrawal from representation in post-conviction proceedings are outlined in ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Willits submitted a response to the no-merit letter, and on March 10, 2021, he sought to have new counsel reappointed to represent him as to his claims of ineffective assistance of counsel and trial court error at sentencing. However, on September 16, 2021, Willits also moved for a **Grazier**[2] hearing to determine whether he would be permitted to represent himself.

The PCRA court granted the petition to withdraw filed by Attorney Jasper-Hoover. In its opinion and order dated October 29, 2021, the PCRA court determined that Willits' ineffectiveness claims (as to the plea) lacked merit as a matter of law because he had not articulated how counsel's conduct had caused him prejudice or what counsel should have done differently. Further, the PCRA court explained that claims of trial court error are not cognizable under the PCRA. The PCRA court, therefore, notified Willits of its intention to dismiss his claims pertaining to trial court error and discretionary aspects of his sentence.

As to Willits' claims of ineffective PCRA counsel and sentencing counsel, the PCRA court again appointed counsel (Attorney Julian Allatt) to represent him. A PCRA hearing and a **Grazier** hearing were scheduled for March 29, 2022. At the hearing, Attorney Allatt indicated to the PCRA court that after discussing the case with Willits, he did not believe there were any meritorious

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

issues to be raised on his behalf and, as a result, no amended PCRA petition was filed. *See* Hearing Transcript, 3/29/2022, at pp. 12-13.

When Willits renewed his request to proceed *pro se*, the PCRA court conducted a colloquy to make sure Willits was waiving the right to counsel voluntarily. However, it became evident that Willits wanted counsel to present his claims. The PCRA court explained that appointed PCRA counsel only had the option of filing an amended PCRA petition or a **Turner**/**Finley** letter giving the reasons why there are no issues of arguable merit to raise. Willits' request to proceed *pro se* was denied and Attorney Allatt was directed to file either a **Turner**/**Finley** no-merit letter or an amended PCRA petition. **See id**. at pp. 26-27. Immediately after the hearing, Attorney Allatt filed a motion to withdraw from representation, attaching a **Turner**/**Finley** no-merit letter and a copy was furnished to Willits.

Upon receiving counsel's no-merit letter and after reviewing the record, the PCRA court determined that Willits had failed to raise any meritorious issues in his PCRA petition and that his petition should be dismissed. The PCRA court also adopted the earlier opinion and order in which Willits was notified of the PCRA court's intention to dismiss his claims on waiver grounds. **See** PCRA Court Opinion and Order, 10/5/2022, at 1-9; PCRA Court Opinion and Order, 10/29/2021, at 1-11.

Counsel's motion to withdraw was granted and Willits was advised that his PCRA petition would be dismissed pursuant to Pennsylvania Rule of

Criminal Procedure 907. The PCRA petition was dismissed on October 28, 2022, and on November 28, 2022, Willits filed a timely *pro se* notice of appeal of the order of dismissal. In both his 1925(b) statement and appellate brief, Willits raised 15 claims (and within many of them several sub-claims) which he contends entitle him to PCRA relief. The PCRA court entered a 1925(a) opinion requesting that its order be affirmed based on the reasoning of its prior opinions. *See* PCRA 1925(a) Opinion, 1/23/2023, at 1-2.

From what we can glean, Willits asserts error on the part of the sentencing court, plea/sentencing counsel and both of his PCRA counsel. We have condensed these claims as follows:

> (a) The sentencing court erred in relying on the mental health evaluation in violation of Willits' privacy rights, but also erred in declining to impose a sentence reflective of his rehabilitative needs.
>
> (b) The sentencing court erred by allowing Willits to enter an involuntary plea; sentencing him more harshly due to the decision to go to trial on some of the counts; and by not appointing a third attorney to represent him in the PCRA proceedings, forcing him to proceed *pro se*.
>
> (c) Sentencing counsel was ineffective in misadvising him to accept guilty pleas as to unrelated offenses for which he was innocent; advising him to plead guilty to offenses that were improperly graded; by failing to advise him of his right to seek return of his seized vehicle; and by depriving him of the ability to participate in preparation of his post-sentence motion and direct appeal.
>
> (d) PCRA counsel were ineffective in ignoring the above errors and by withdrawing from the case without fully stating the reasons why Willits' claims lacked merit in their ***Turner/Finley*** letters.

Although we may quash or dismiss an appeal if an appellant's brief does not substantially conform to our procedural rules, we will nevertheless attempt to discern Willits' claims and give the reasons why no relief is due.

**II.**

When reviewing an order denying a PCRA petition, the standard of review is "whether the findings of the PCRA court are supported by the record and are free from legal error." *Commonwealth v. Ligons*, 601 Pa. 103 (Pa. 2009). The reviewing court is bound by the lower court's credibility determinations. *Id*.

When a petitioner alleges a claim of ineffective assistance of counsel, it must be established that counsel's act or omission "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa. C.S. §9543(a)(2)(ii). Counsel is presumed to have been effective. *See Commonwealth v. Cooper*, 941 A.2d 655, 664 (Pa. 2007). This presumption may only be overcome if the petitioner can plead and prove by a preponderance of the evidence that (1) that the underlying substantive claim has arguable merit; (2) that counsel had no reasonable basis for the disputed conduct; and (3) that the petitioner was prejudiced by the alleged ineffectiveness. To establish the prejudice prong, the petitioner must show that there is "a reasonable probability that but for counsel's action or inaction, the outcome of the proceeding would have been different." *Id*. If the petitioner fails to meet any prong, the case may be dismissed without

determining whether the remaining prongs are met. *See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007).

Following the dismissal of a PCRA petition, a petitioner may "raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021). Counsel is not deemed "ineffective in failing to assert a baseless claim, it is only when the claim, which has been forgone, is of arguable merit that inquiry must be made into basis for counsel's decision not to pursue the matter." *Commonwealth v. Hubbard*, 472 Pa. 259 (Pa. 1977).

Moreover, a petitioner is not eligible for relief as to claims that have been previously litigated or waived. *See* 42 Pa.C.S. § 9543(a)(3). An issue is deemed finally litigated for purposes of the PCRA if the "highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2). An allegation is deemed waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, [or] on appeal[.]" 42 Pa.C.S. § 9544(b).

Here, all of Willits' claims are waived and meritless. The errors Willits attributes directly to the sentencing court are not cognizable grounds for relief under the PCRA; such claims were also waived because they could have been raised on direct appeal. *See Commonwealth v. Spotz*, 19 A.3d 244, 270 (Pa. 2011) ("Appellant's claim of trial court error . . . is both waived and not

cognizable under the PCRA because it could have been raised on direct appeal.").[3]

The purported ineffectiveness claims as to the sentencing counsel were likewise waived and without merit. Counsel filed a 1925(b) statement of issues and timely commenced a direct appeal on Willits' behalf. This gave Willits the opportunity to raise his present claims regarding the asserted violations of privacy, sentencing errors, the voluntariness of the plea and issues concerning discretionary aspects of his sentence. Since these issues could have been raised on direct appeal, they are not cognizable claims for relief under the PCRA, and the PCRA court did not err in making that determination.

The record, in particular the transcript of the plea hearing, also refutes Willits' claims that counsel was ineffective at the plea and sentencing stages of his case. During the plea colloquy, Willits stated under oath that counsel had been effective, that he understood he would be giving up rights as a result of entering a plea, and that he understood the nature of the offenses he was

_____

[3] We also note that Willits' claim concerning the sentencing court's use of a mental health evaluation is well outside the ambit of the PCRA. Much of the asserted prejudice of the purported error seems to be that it violated Willits' privacy rights. In addition to being a claim that could have been raised on direct appeal, Willits is not eligible for relief under the PCRA because it was not shown, much less alleged, that the evaluation had any effect on the outcome of the proceedings. *See Commonwealth v. Cooper*, 941 A.2d 655, 664 (Pa. 2007). In fact, one of Willits' claims is that the sentencing court erred in *not* utilizing the examination to determine that he needs mental health treatment.

pleading guilty to. A PCRA petitioner is bound by sworn statements and cannot assert grounds for withdrawing a guilty plea which contradict them. **See Commonwealth v. Willis**, 68 A.3d 997, 1009 (Pa. Super. 2013).

Next, Willits' claims of ineffective PCRA counsel are without merit. The reasons why are given in counsels' respective **Turner**/**Finley** no-merit letters, as well as the PCRA court's written opinions. Rather than reiterate the content of those filings, all of which are already included in the record, we adopt their rationale here.

Finally, to the extent that we have not addressed a specific ground that Willits has attempted to raise, we find that any such issue is waived. *Pro se* status confers no special benefit upon a PCRA petitioner, and where non-compliance with the rules impedes meaningful judicial review, the appeal may be dismissed. **See Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003). Likewise, this Court may decline to consider issues raised in a brief when the corresponding arguments are not sufficiently developed. **See Commonwealth v. Miller**, 721 A.2d 1121, 1124 (Pa. Super. 1998).

Willits' brief is missing several sections required by the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2101. The brief is also disorganized and largely incoherent. Thus, finding that Willits has failed to assert any meritorious issues in this appeal, the order on review must stand.

Order affirmed.

Judge Nichols joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/25/2023