J-S25009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAURENSAU JOSEPH | : | |
| | : | |
| Appellant | : | No. 3090 EDA 2023 |

Appeal from the PCRA Order Entered November 8, 2023
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000092-1998

BEFORE:  DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY DUBOW, J.:                **FILED SEPTEMBER 25, 2024**

Appellant Laurensau Joseph appeals *pro se* from the November 8, 2023 order of the Philadelphia County Court of Common Pleas dismissing his petition filed on December 6, 2000, pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

**A.**

A previous panel of this Court summarized the relevant factual and procedural history as follows:

> In April of 1998, Appellant, then 24 years old, believed his former foster brother, Michael Smith, stole his necklace and vandalized his car.  They argued in [Smith]'s bedroom. [Smith] picked up a machete and Appellant pulled out a hand[-]gun and shot [Smith] in the face.  [Smith], bleeding profusely, dropped the machete and went downstairs.  Appellant followed and fired a second shot striking [him] in the forehead, immediately killing him.  The next day, Appellant went to the Pennsylvania State Police barracks and gave a 34-page statement admitting that he shot [Smith] twice.

*Commonwealth v. Joseph*, 2023 WL 2441945 at *1 (Pa. Super. Mar. 10, 2023) (unpublished memorandum) (citation, quotation marks, and brackets omitted).

On August 20, 1998, a jury convicted Appellant of First-Degree Murder, and, on August 28, 1998, the court sentenced him to life imprisonment without parole. This Court affirmed Appellant's judgment of sentence on December 3, 1999.[1] Appellant did not seek review from the Pennsylvania Supreme Court.

On December 6, 2000, Appellant timely filed the instant *pro se* PCRA petition, and the court appointed Alfred Howell, Esq., as PCRA counsel. Attorney Howell then filed a motion to withdraw*.* The PCRA court took no action on Attorney Howell's motion to withdraw. There was no subsequent docket activity, other than two *pro se* letters Appellant sent to the court, until November 2021.

On November 23, 2021, the Office of the Attorney General, while representing the Commonwealth in a federal *habeas* action filed by Appellant, informed the PCRA court of the outstanding PCRA petition. On January 4, 2022, Appellant filed a *pro se* amended petition, which the court ultimately dismissed on February 18, 2022.

---

[1] On direct appeal, this Court addressed several claims of trial counsel's ineffectiveness, as was permitted at the time. *Commonwealth v. Joseph*, 141 EDA 1999 at 6-10 (Dec. 3, 1999).

- 2 -

On appeal, a panel of this Court concluded that that the PCRA court erred in denying Appellant's petition because Attorney Howell had abandoned him, which denied him effective assistance of PCRA counsel. *Joseph*, 2023 WL 2441945 at \*3. Accordingly, we reversed and remanded for the appointment of new counsel to file either an amended petition or a *Turner*/*Finley* letter.[2] *Id.*

On April 25, 2023, the PCRA Court appointed Christine Rechner, Esq., who filed a *Turner*/*Finley* letter and a motion to withdraw as counsel on September 19, 2023. On October 4, 2023, the PCRA court issued a Rule 907 notice and granted Attorney Rechner's motion to withdraw. Appellant did not respond. The court dismissed Appellant's PCRA petition on November 8, 2023.

**B.**

Appellant timely filed a *pro se* notice of appeal. Both he and the PCRA court complied with Pa.R.A.P. 1925(b).[3]

Appellant *pro se* raises two issues for our review:

1. Whether [the PCRA court] erred in dismissing [] Appellant's First Post-Conviction Relief Act and *Pro Se* Amended PCRA *Nunc Pro Tunc* Where the original PCRA decision was delayed for over (21) [*sic*] years and forced [] Appellant who was abandoned to file the Amended PCRA Nunc Pro Tunc to develope [*sic*] the record?

---

[2]*Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3]The PCRA court filed a Statement of Reasons directing this Court to its October 4, 2023 Opinion and Order. Statement of Reasons, 1/10/24, at 1 (unpaginated)

2. Whether this Common Pleas Court erred in dismissing the Appellant's first PCRA and Amended PCRA *Nunc Pro Tunc* without a hearing where there was newly[-]discovered facts evidence on the develpped [*sic*] record?

Appellant's Br. at 1 (some capitalization altered).

**C.**

Appellant first claims that the PCRA court erred in dismissing his petition because his original PCRA counsel, Attorney Howell, had abandoned him, delaying a decision on his PCRA by over 20 years. ***Id.*** Although we are deeply troubled that the Court of Common Pleas permitted a PCRA petition to languish for over 20 years, we have found no legal basis to conclude that this unreasonable delay is a basis to grant a PCRA petition. Moreover, and more importantly, Appellant has not addressed this issue in his brief beyond the Statement of Questions Involved. Accordingly, Appellant has waived this claim. ***See***, ***e.g.***, ***Commonwealth v. Jones***, 815 A.2d 598, 604 n.3 (Pa. 2002) (finding claims raised in the Statement of Questions Involved but not pursued in the body of the brief waived); ***Commonwealth v. Miller***, 721 A.2d 1121, 1124 (Pa. Super. 1998) (explaining "[w]hen issues are not properly raised and developed in briefs. . . a court will not consider the merits thereof.") (citations omitted).

**D.**

Appellant next asserts that the PCRA court erred when it dismissed his PCRA petition without a hearing. Appellant's Br. at 1. In his brief, Appellant references supposed after-discovered evidence of his alleged mental infirmities and a letter from his foster mother exposing the bias of his foster

father, a witness at trial. *Id.* at 22-40. He also purports to assert ineffective assistance of counsel claims, including that his trial counsel failed to both object to the admission of prior bad acts evidence and to recall Appellant to testify about his lack of defensive wounds. *Id.* However, the substantial defects in Appellant's brief preclude us from conducting meaningful appellate review.

Appellate briefs must materially conform to the requirements set forth in our Rules of Appellate Procedure, and we may quash or dismiss an appeal if the defect in the brief is substantial. *Commonwealth v. Adams*, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003).

"When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). *See also* Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). It is axiomatic that the argument portion of an appellate brief must be developed with citations to the record and relevant authority. Pa.R.A.P 2119(a)-(c); *see also Commonwealth v. B.D.G.*, 959 A.2d 362, 371–72 (Pa. Super. 2008) (finding waiver where appellant failed to cite any pertinent authority to

support his argument). As this Court has made clear, we "will not act as counsel[.]" *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018).

Here, Appellant's argument section is substantially underdeveloped, and, thus, precludes meaningful appellate review. First, he has failed to address each issue raised under a separate heading as required by Rule 2119(a) and, instead, combines multiple different arguments of ineffective assistance of counsel and after-discovered evidence into one section. Furthermore, Appellant's argument section is substantially underdeveloped because he fails to provide citations to the record and fails to apply the law he has cited to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure and caselaw. *See* Pa.R.A.P. 2119(a); *B.D.G.*, 959 A.2d at 371–72. Appellant has, thus, not provided a cogent argument establishing how the trial court erred in dismissing his PCRA petition. Accordingly, Appellant's brief fatally impedes our review, and this claim is waived.[4]

_____

[4] Even if Appellant had not waived both claims, we would affirm the PCRA court's decision. We have reviewed the court's Opinion and Order analyzing the claims it could identify from Appellant's PCRA petition, and we discern no abuse of discretion. We would adopt the PCRA court's reasoning as our own. Appellant is directed to annex the Opinion and Order dated October 4, 2023 to all future filings.

Appellant has waived both of his claims. We, thus, affirm the dismissal of Appellant's PCRA petition.

Order affirmed.

Judge Beck joins the memorandum.

Judge McLaughlin concurs in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/25/2024