J-A16011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
           v.   :
  :
  :
JAMES DRAUCKER   :
  :
         Appellant   :   No. 1279 WDA 2023

Appeal from the Judgment of Sentence Entered September 25, 2023
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000403-2021

BEFORE: KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED: OCTOBER 4, 2024**

James Draucker appeals from the judgment of sentence imposed after he pled guilty to several charges, including driving under the influence ("DUI") of alcohol. He challenges the validity of his plea. Additionally, Draucker's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). Upon review, we grant counsel's petition, and affirm the judgment of sentence.

On July 7, 2023, Draucker pled guilty to DUI and restrictions on alcoholic beverages pursuant to a negotiated plea agreement.[1] This was Draucker's third DUI.

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 3809(a).

On September 25, 2023, the trial court sentenced Draucker to a term of incarceration of 4 months to 2 years less one day of incarceration in accordance with the agreement. Draucker did not file a post-sentence motion.

Draucker filed this timely appeal. He and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.[2] Counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Draucker filed a *pro se* response to the **Anders** brief, objecting to counsel's withdrawal.

When counsel files an **Anders** brief, and the appellant files a *pro se* or counseled response, this Court will first determine whether counsel has complied with the dictates of **Anders** and **Santiago**. **See Commonwealth v. Bennett**, 124 A.3d 327, 333 (Pa. Super. 2015) (outlining proper procedure where counsel files an **Anders** brief and appellant files a *pro se* response). If counsel has complied, we will address the issues raised in the **Anders** brief and conduct our independent examination of the record as to those issues. If we determine those issues have no merit, we will then examine the appellant's *pro se* allegations. **See id.** In doing so, "[this] Court is limited to examining only those issues raised and developed in the [brief; we] do not act as, and are forbidden from acting as, appellant's counsel." **Id.** (emphasis added). Notably, when there is a *pro se* response, we do not conduct an independent review to determine whether there are any other nonfrivolous issues. **Contra**

---

[2] We note that when counsel intends to file an **Anders** brief and ask this Court to withdraw, counsel should file a statement pursuant to Rule 1925(c)(4) rather than Rule 1925(b).

*Commonwealth v. Dempster*, 187 A.3d 266 272 (Pa. Super. 2018) (where the appellant does not file a *pro se* or counseled response and this Court conducts a simple independent review of the record to determine if there are any nonfrivolous issues counsel may have overlooked).

With this procedure in mind, we consider counsel's **Anders** brief. Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Here, counsel filed both an ***Anders*** brief and a petition for leave to withdraw.[3] The ***Anders*** brief substantially comports with the requirements set forth by our Supreme Court in ***Santiago***. The record includes a copy of the letter that counsel sent to Draucker of counsel's intention to seek permission to withdraw and advising Draucker of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will determine whether the issue counsel raised is frivolous.

In the ***Anders*** brief, counsel indicates that Draucker wishes to challenge the validity of his guilty pleas, claiming that he did not enter them knowingly, voluntarily, and intelligently. ***Anders*** Brief at 7. In his response, Draucker similarly claims that his plea was forced due to various civil rights violations.[4] Therefore, we will address them together.

---

[3] Initially, counsel did not file a separate petition. Although we would have treated counsel's ***Anders*** brief as a request to withdraw, counsel subsequently filed a separate petition. ***See Commonwealth v. Baker***, 239 A.2d 201, 203 (Pa. 1968).

[4] Draucker does not specify these violations beyond stating that his plea was forced. Therefore, we will consider his claim as a general claim that his motion to withdraw was not voluntary.

*(Footnote Continued Next Page)*

Initially, we note a defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or at sentencing or file a motion to withdraw the plea within ten days of sentencing. Failure to do any of these results in waiver. **Commonwealth v. Lincoln**, 72 A.3d 606, 609–10 (Pa. Super. 2013) (citations omitted); **Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1246 (Pa. Super. 2002); **see** Pa.R.Crim.P. 720(A)(1) and (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). "It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." **Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 469 (Pa. Super. 2017).

Upon review of the record, we observe that Draucker did not preserve his issue for appeal. Draucker did not seek to withdraw his guilty plea at any

---

Draucker also seems to raise claims that his counsel was ineffective and that there are other issues from another case impacting this one. He claims his counsel did not address these issues. Generally, we do not consider claims of ineffectiveness on direct appeal. **See Commonwealth v. Holmes**, 79 A.3d 562, 563-64 (Pa. 2013). Additionally, Draucker failed to develop his other issues so that the Court could conduct any meaningful review and, therefore, they are waived. **Commonwealth v. Miller**, 721 A.2d 1121, 1124 (Pa. Super. 1998).

time orally on the record or by filing a timely post-sentence motion. Consequently, Draucker's issue is waived.

Because it is waived, the issue is frivolous under *Anders*. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888-89 (Pa. Super. 2016) (citing *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008)) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

However, even if Draucker did not waive his issue, we still would conclude that it is frivolous. To be valid, a guilty plea must be voluntary, knowing, and intelligent. *Commonwealth v. Persinger*, 615 A.2d 1305 (Pa. 1992). To ensure that a plea satisfies these requirements, the trial court should, at a minimum, elicit the following information:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590(A)(1) cmt.[5]  This Court has further summarized:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Fluharty*, 632 A.2d 312, 314 (Pa. Super. 1993) (citations and quotations omitted); *see also Commonwealth v. Muhammad*, 794 A.2d 378 (Pa. Super. 2002).

Here, Draucker entered a negotiated plea to plead guilty to DUI and restrictions on alcoholic beverages in exchange for a minimum sentence of 4 months' incarceration.  N.T., 7/14/23, at 3, 5.  He executed the negotiated plea agreement and a written guilty plea colloquy which reflected this.  Further, the plea hearing record shows that the trial court conducted an oral colloquy, making the pertinent inquiries.  Draucker responded without hesitation to the court's questions, and his responses clearly indicated that he knowingly, voluntarily, and intelligently entered his plea; there was no indication of any force.  *Id.* at 8-7.  Finally, Draucker did not object or indicate that he was dissatisfied with his plea at the time of the hearing.  He also did not object at the time of sentencing even after the trial court imposed the maximum sentence left to its discretion per the plea agreement.  See N.T.,

---

[5] There is a seventh question regarding murder, which is not applicable here.

9/25/23, at 2-6.  Thus, if Draucker had preserved his sole issue, we would conclude that his plea was valid and that his claim that his plea was not entered knowingly, voluntarily, and intelligently, was frivolous.

For the foregoing reasons, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/4/2024